# PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

**THIS PARTIAL ASSIGNMENT**, by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **BENEI YAKOV**, 1742 East 7th Street, Brooklyn, New York 11223, hereinafter referred to as "Assignee",

## WITNESSETH:

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignee and Assignee's heirs, successors and assigns, an undivided 4% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

Township 10 North, Range 27 East, N.M.P.M.

Section 20: NW/4

Section 29: NW/4

Section 30: SE/4

containing 480 acres, more or less,

together with a like interest in and to the Randals Nos. 5, 6 and 7 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof. The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessors under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom. The overriding royalty shall (a) be the total overriding royalty for which Assignee shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignee less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement. Assignor intends by this assignment to deliver to Assignee a proportionately reduced 70% net revenue interest in said lease and lands. No change in the ownership of the overriding royalty shall be binding upon Assignee until such time as Assignee shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignee in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably be required more fully to assign and confirm to Assignee, and Assignee's heirs, successors

and assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF**, Assignor and Assignee have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

*Assignor:*                         **CKG Energy, Inc.**

By: _____

Mike George, President

*Assignee:*

_____

Benei Yakov


STATE OF TEXAS )
                                    : ss.
COUNTY OF _TRAVIS_ )

This instrument was acknowledged before me this __7th__ day of __October__, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

__Oct 2003__                                   _____
                                                              Notary Public

RONNY ROBERTSON
Notary Public
State of Texas
My Commission Expires:
OCTOBER 13, 2003


STATE OF NEW YORK )
                                        : ss.
COUNTY OF _____ )

This instrument was acknowledged before me this _____ day of _____, 2003, by Benei Yakov.

My commission expires:

_____                         _____
                                                              Notary Public

## PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

**THIS PARTIAL ASSIGNMENT**, by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **ELEANOR E. BERGGREN**, 3320 NE Collier Court, Bend, Oregon 97701, hereinafter referred to as "Assignee",

### W I T N E S S E T H :

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignee and Assignee's heirs, successors and assigns, an undivided 1% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

Township 10 North, Range 27 East, N.M.P.M.
Section 19: SW/4
Section 30: NW/4
containing 320 acres, more or less,

together with a like interest in and to the Anna Katheryn Nos. 1 and 2 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof. The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessors under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom. The overriding royalty shall (a) be the total overriding royalty for which Assignee shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignee less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement. Assignor intends by this assignment to deliver to Assignee a proportionately reduced 70% net revenue interest in said lease and lands. No change in the ownership of the overriding royalty shall be binding upon Assignee until such time as Assignee shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignee in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably be required more fully to assign and confirm to Assignee, and Assignee's heirs, successors and assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF,** Assignor and Assignee have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

*Assignor:*          **CKG Energy, Inc.**


By: _____
        Mike George, President

*Assignee:*


_____
Eleanor E. Berggren




STATE OF TEXAS                    )
                                  :  ss.
COUNTY OF _____    )

        This instrument was acknowledged before me this _____ day of _____, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

_____          _____
                                              Notary Public




STATE OF OREGON                   )
                                  :  ss.
COUNTY OF _____    )

        This instrument was acknowledged before me this _____ day of _____, 2003, by Eleanor E. Berggren.

My commission expires:

_____          _____
                                              Notary Public

# PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

**THIS PARTIAL ASSIGNMENT**, by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **RENZ FAMILY PARTNERSHIP 1**, 4 Victoria Lane, Butte, Montana 59701, hereinafter referred to as "Assignee",

## WITNESSETH:

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignee and Assignee's successors and assigns, an undivided 1.5% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

<u>Township 10 North, Range 27 East, N.M.P.M.</u>
Section 19: E/2
containing 320 acres, more or less,

together with a like interest in and to the John David Nos. 1 and 2 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof. The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessors under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom. The overriding royalty shall (a) be the total overriding royalty for which Assignee shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignee less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement. Assignor intends by this assignment to deliver to Assignee a proportionately reduced 70% net revenue interest in said lease and lands. No change in the ownership of the overriding royalty shall be binding upon Assignee until such time as Assignee shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignee in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably be required more fully to assign and confirm to Assignee, and Assignee's successors and assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF**, Assignor and Assignee have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

*Assignor:*      **CKG Energy, Inc.**

By: _____
   Mike George, President

*Assignee:*     **Renz Family Partnership 1**

By: _____
   Don Renz, General Partner

STATE OF TEXAS      )
            : ss.
COUNTY OF _____ )

  This instrument was acknowledged before me this _____ day of _____, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

_____   _____
                 Notary Public

STATE OF MONTANA    )
            : ss.
COUNTY OF _____ )

  This instrument was acknowledged before me this _____ day of _____, 2003, by Don Renz, as a general partner of Renz Family Partnership 1, on behalf of said partnership.

My commission expires:

_____   _____
                 Notary Public

# PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

**THIS PARTIAL ASSIGNMENT**, by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **COLEMAN MORTON**, 1780 San Pasqual Street, Pasadena, California 91106, hereinafter referred to as "Assignee",

## WITNESSETH:

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignee and Assignee's heirs, successors and assigns, an undivided 1% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

Township 10 North, Range 27 East, N.M.P.M.

Section 19: SW/4

Section 20: NW/4

Section 29: NW/4

Section 30: NW/4, SE/4

containing 800 acres, more or less,

together with a like interest in and to the Anna Katheryn Nos. 1 and 2 and the Randals Nos. 5, 6 and 7 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof. The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessors under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom. The overriding royalty shall (a) be the total overriding royalty for which Assignee shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignee less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement. Assignor intends by this assignment to deliver to Assignee a proportionately reduced 70% net revenue interest in said lease and lands. No change in the ownership of the overriding royalty shall be binding upon Assignee until such time as Assignee shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignee in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably

be required more fully to assign and confirm to Assignee, and Assignee's heirs, successors and assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF**, Assignor and Assignee have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

*Assignor:*     **CKG Energy, Inc.**


By: _____
     Mike George, President

*Assignee:*

_____
Coleman Morton


STATE OF TEXAS              )
                           :  ss.
COUNTY OF _____  )

This instrument was acknowledged before me this _____ day of _____, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

_____      _____
                                        Notary Public


STATE OF CALIFORNIA         )
                           :  ss.
COUNTY OF _____  )

This instrument was acknowledged before me this _____ day of _____, 2003, by Coleman Morton.

My commission expires:

_____      _____
                                        Notary Public

## PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

**THIS PARTIAL ASSIGNMENT**, by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **MARY JANETTE C. AQUINO**, 7513 Dos Rios Way, Bakersfield, California 93309, hereinafter referred to as "Assignee",

### W I T N E S S E T H :

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignee and Assignee's heirs, successors and assigns, an undivided 0.5% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

<u>Township 10 North, Range 27 East, N.M.P.M.</u>

Section 20:  SW/4

Section 21:  NW/4

Section 30:  NE/4

containing 480 acres, more or less,

together with a like interest in and to the Randals Nos. 8, 9 and 10 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof. The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessors under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom. The overriding royalty shall (a) be the total overriding royalty for which Assignee shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignee less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement. Assignor intends by this assignment to deliver to Assignee a proportionately reduced 70% net revenue interest in said lease and lands. No change in the ownership of the overriding royalty shall be binding upon Assignee until such time as Assignee shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignee in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably be required more fully to assign and confirm to Assignee, and Assignee's heirs, successors

and assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

    **IN WITNESS WHEREOF**, Assignor and Assignee have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

*Assignor:*            **CKG Energy, Inc.**

                  By: _____
                        Mike George, President

*Assignee:*

                  _____
                     Mary Janette C. Aquino

STATE OF TEXAS           )
                          : ss.
COUNTY OF _____ )

    This instrument was acknowledged before me this _____ day of _____, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

_____         _____
                               Notary Public

STATE OF CALIFORNIA     )
                          : ss.
COUNTY OF _____ )

    This instrument was acknowledged before me this _____ day of _____, 2003, by Mary Janette C. Aquino.

My commission expires:

_____         _____
                                 Notary Public

# PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

**THIS PARTIAL ASSIGNMENT**, by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **MICHAEL A. REBHOLTZ** and **LAURA F. REBHOLTZ**, husband and wife, 13071 Skyline Boulevard, Woodside, California 94062, hereinafter referred to as "Assignees",

## W I T N E S S E T H :

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignees and Assignees' heirs, successors and assigns, an undivided 2% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

<u>Township 10 North, Range 27 East, N.M.P.M.</u>
Section 19:  E/2
containing 320 acres, more or less,

together with a like interest in and to the John David Nos. 1 and 2 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof.  The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessors under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom.  The overriding royalty shall (a) be the total overriding royalty for which Assignees shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignees less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement.  Assignor intends by this assignment to deliver to Assignees a proportionately reduced 70% net revenue interest in said lease and lands.  No change in the ownership of the overriding royalty shall be binding upon Assignees until such time as Assignees shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignees in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably be required more fully to assign and confirm to Assignees, and Assignees' heirs, successors and assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF,** Assignor and Assignees have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

*Assignor:*                 **CKG Energy, Inc.**

                                By: _____
                                      Mike George, President

*Assignees:*

                                      _____
                                      Michael A. Rebholtz

                                      _____
                                      Laura F. Rebholtz

STATE OF TEXAS                   )
                                  :   ss.
COUNTY OF _____   )

      This instrument was acknowledged before me this _____ day of _____, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

_____                 _____
                                              Notary Public

STATE OF CALIFORNIA           )
                                    :   ss.
COUNTY OF _____   )

      This instrument was acknowledged before me this _____ day of _____, 2003, by Michael A. Rebholtz and Laura F. Rebholtz, husband and wife.

My commission expires:

_____                 _____
                                              Notary Public

# PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

**THIS PARTIAL ASSIGNMENT**, by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **MICHAEL A. REBHOLTZ** and **LAURA F. REBHOLTZ**, husband and wife, 13071 Skyline Boulevard, Woodside, California 94062, hereinafter referred to as "Assignees",

## WITNESSETH:

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignees and Assignees' heirs, successors and assigns, an undivided 1% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

<u>Township 10 North, Range 27 East, N.M.P.M.</u>

Section 20:  NW/4

Section 29:  NW/4

Section 30:  SE/4

containing 480 acres, more or less,

together with a like interest in and to the Randals Nos. 5, 6 and 7 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof.  The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessors under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom.  The overriding royalty shall (a) be the total overriding royalty for which Assignees shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignees less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement.  Assignor intends by this assignment to deliver to Assignees a proportionately reduced 70% net revenue interest in said lease and lands.  No change in the ownership of the overriding royalty shall be binding upon Assignees until such time as Assignees shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignees in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably

be required more fully to assign and confirm to Assignees, and Assignees' heirs, successors and assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF**, Assignor and Assignees have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

*Assignor:*          **CKG Energy, Inc.**

By: _____
Mike George, President

*Assignees:*

_____
Michael A. Rebholtz

_____
Laura F. Rebholtz

STATE OF TEXAS          )
                        : ss.
COUNTY OF _____  )

    This instrument was acknowledged before me this _____ day of _____, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

_____          _____
                                            Notary Public

STATE OF CALIFORNIA          )
                             : ss.
COUNTY OF _____  )

    This instrument was acknowledged before me this _____ day of _____, 2003, by Michael A. Rebholtz and Laura F. Rebholtz, husband and wife.

My commission expires:

_____          _____
                                            Notary Public

# PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

**THIS PARTIAL ASSIGNMENT**, by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **ACE PLASTIC**, 106 Clifton Avenue, Second Floor, Lakewood, New Jersey 08701, hereinafter referred to as "Assignee",

## WITNESSETH:

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignee and Assignee's heirs, successors and assigns, an undivided 1% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

<u>Township 10 North, Range 27 East, N.M.P.M.</u>
Section 19: E/2
containing 320 acres, more or less,

together with a like interest in and to the John David Nos. 1 and 2 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof. The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessors under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom. The overriding royalty shall (a) be the total overriding royalty for which Assignee shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignee less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement. Assignor intends by this assignment to deliver to Assignee a proportionately reduced 70% net revenue interest in said lease and lands. No change in the ownership of the overriding royalty shall be binding upon Assignee until such time as Assignee shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignee in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably be required more fully to assign and confirm to Assignee, and Assignee's heirs, successors and assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF,** Assignor and Assignee have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

**Assignor:**          **CKG Energy, Inc.**

By: _____
          Mike George, President

**Assignee:**          **Ace Plastic**

By: _____
          Michael Weissman

STATE OF TEXAS          )
                                          : ss.
COUNTY OF _Travis_          )

This instrument was acknowledged before me this __7th__ day of _October_, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

_October 2003_                    _____
                                                      Notary Public

RONNY ROBERTSON
Notary Public
State of Texas
My Commission Expires:
OCTOBER 13, 2003

STATE OF NEW JERSEY          )
                                                    : ss.
COUNTY OF _____          )

This instrument was acknowledged before me this _____ day of _____, 2003, by Michael Weissman, on behalf of Ace Plastic.

My commission expires:

_____                    _____
                                                                        Notary Public

## PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

THIS PARTIAL ASSIGNMENT, by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **KEITH BALCH AND VIRGINIA BALCH, TRUSTEES OF THE KEITH AND VIRGINIA BALCH REVOCABLE LIVING TRUST**, 579 Churchill Park Drive, San Jose, California 95136, hereinafter referred to as "Assignee",

### WITNESSETH:

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignee and Assignee's heirs, successors and assigns, an undivided 1% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

Township 10 North, Range 27 East, N.M.P.M.

Section 19: E/2

Section 20: NW/4

Section 29: NW/4

Section 30: SE/4

containing 800 acres, more or less,

together with a like interest in and to the John David Nos. 1 and 2 and the Randals Nos. 5, 6 and 7 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof. The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessors under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom. The overriding royalty shall (a) be the total overriding royalty for which Assignee shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignee less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement. Assignor intends by this assignment to deliver to Assignee a proportionately reduced 70% net revenue interest in said lease and lands. No change in the ownership of the overriding royalty shall be binding upon Assignee until such time as Assignee shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignee in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such

further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably be required more fully to assign and confirm to Assignee, and Assignee's heirs, successors and assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF**, Assignor and Assignee have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

*Assignor:*              **CKG Energy, Inc.**

By: _____
    Mike George, President

*Assignee:*              **The Keith and Virginia Balch Revocable Living Trust**

By: _____
    Keith Balch, Trustee

By: _____
    Virginia Balch, Trustee

STATE OF TEXAS          )
                        :  ss.
COUNTY OF TRAVIS        )

This instrument was acknowledged before me this 7th day of October, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:
Oct 2003

_____
                    Notary Public

RONNY ROBERTSON
Notary Public
State of Texas
My Commission Expires:
OCTOBER 13, 2003

STATE OF CALIFORNIA     )
                        :  ss.
COUNTY OF _____ )

This instrument was acknowledged before me this _____ day of _____, 2003, by Keith Balch and Virginia Balch, as Trustees of The Keith and Virginia Balch Revocable Living Trust.

My commission expires:

_____        _____
                                        Notary Public

## PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

**THIS PARTIAL ASSIGNMENT**, by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **MAJESTY HOLDINGS LTD., INC.**, 7513 Dos Rios Way, Bakersfield, California 93309, hereinafter referred to as "Assignee",

### WITNESSETH:

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignee and Assignee's successors and assigns, an undivided 1% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

Township 10 North, Range 27 East, N.M.P.M.

Section 19: SW/4

Section 30: NW/4

containing 320 acres, more or less,

together with a like interest in and to the Anna Katheryn Nos. 1 and 2 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof. The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessors under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom. The overriding royalty shall (a) be the total overriding royalty for which Assignee shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignee less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement. Assignor intends by this assignment to deliver to Assignee a proportionately reduced 70% net revenue interest in said lease and lands. No change in the ownership of the overriding royalty shall be binding upon Assignee until such time as Assignee shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignee in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably be required more fully to assign and confirm to Assignee, and Assignee's successors and assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF**, Assignor and Assignee have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

*Assignor:*                **CKG Energy, Inc.**


By: _____
        Mike George, President

*Assignee:*                **Majesty Holdings Ltd., Inc.**


By: _____
        Tomas B. Rios


STATE OF TEXAS                    )
                                                  :   ss.
COUNTY OF ___Travis___        )

This instrument was acknowledged before me this _12_ day of _November_, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

_Feb 10 2007_

CORTNEY IMEL
MY COMMISSION EXPIRES
February 10, 2007

_____
Notary Public


STATE OF CALIFORNIA            )
                                                  :   ss.
COUNTY OF _____        )

This instrument was acknowledged before me this _____ day of _____, 2003, by Tomas B. Rios, as _____ of Majesty Holdings Ltd., Inc., a _____ corporation, on behalf of said corporation.

My commission expires:

_____

## PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

THIS PARTIAL ASSIGNMENT, by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **MAJESTY HOLDINGS LTD., INC.**, 7513 Dos Rios Way, Bakersfield, California 93309, hereinafter referred to as "Assignee",

### WITNESSETH:

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignee and Assignee's successors and assigns, an undivided 2% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 22, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

<u>Township 10 North, Range 27 East, N.M.P.M.</u>

Section 19:  E/2

containing 320 acres, more or less,

together with a like interest in and to the John David Nos. 1 and 2 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof.  The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessors under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom.  The overriding royalty shall (a) be the total overriding royalty for which Assignee shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignee less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement.  Assignor intends by this assignment to deliver to Assignee a proportionately reduced 70% net revenue interest in said lease and lands.  No change in the ownership of the overriding royalty shall be binding upon Assignee until such time as Assignee shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignee in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably be required more fully to assign and confirm to Assignee, and Assignee's successors and assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF**, Assignor and Assignee have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

*Assignor:*　　　　　**CKG Energy, Inc.**

By: _____
　　　Mike George, President

*Assignee:*　　　　　**Majesty Holdings Ltd., Inc.**

By: _____
　　　Tomas B. Rios

STATE OF TEXAS　　　　　　　)
　　　　　　　　　　　　　　　: ss.
COUNTY OF _Travis_　　　　　)

　　This instrument was acknowledged before me this _12_ day of _November_, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

_Feb 10 2007_

CORTNEY IMEL
MY COMMISSION EXPIRES
February 10, 2007

_____
Notary Public

STATE OF CALIFORNIA　　　　)
　　　　　　　　　　　　　　　: ss.
COUNTY OF _____　)

　　This instrument was acknowledged before me this _____ day of _____, 2003, by Tomas B. Rios, as _____ of Majesty Holdings Ltd., Inc., a _____ corporation, on behalf of said corporation.

My commission expires:

_____

# PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

**THIS PARTIAL ASSIGNMENT**, by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **MAJESTY HOLDINGS LTD., INC.**, 7513 Dos Rios Way, Bakersfield, California 93309, hereinafter referred to as "Assignee",

## WITNESSETH:

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignee and Assignee's successors and assigns, an undivided 3% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

<u>Township 10 North, Range 27 East, N.M.P.M.</u>

    Section 20: NW/4

    Section 29: NW/4

    Section 30: SE/4

containing 480 acres, more or less,

together with a like interest in and to the Randals Nos. 5, 6 and 7 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof. The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessors under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom. The overriding royalty shall (a) be the total overriding royalty for which Assignee shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignee less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement. Assignor intends by this assignment to deliver to Assignee a proportionately reduced 70% net revenue interest in said lease and lands. No change in the ownership of the overriding royalty shall be binding upon Assignee until such time as Assignee shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignee in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably be required more fully to assign and confirm to Assignee, and Assignee's successors and

assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF**, Assignor and Assignee have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

*Assignor:*         **CKG Energy, Inc.**

By: _____
       Mike George, President

*Assignee:*         **Majesty Holdings Ltd., Inc.**

By: _____
       Tomas B. Rios

STATE OF TEXAS       )
                    : ss.
COUNTY OF ___Travis___    )

This instrument was acknowledged before me this _12_ day of _November_, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

_feb 10 2007_

        CORTNEY IMEL
        MY COMMISSION EXPIRES
        February 10, 2007

_____
Notary Public

STATE OF CALIFORNIA       )
                       : ss.
COUNTY OF _____ )

This instrument was acknowledged before me this _____ day of _____, 2003, by Tomas B. Rios, as _____ of Majesty Holdings Ltd., Inc., a _____ corporation, on behalf of said corporation.

My commission expires:

_____

## PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

**THIS PARTIAL ASSIGNMENT**, by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **ROBERT E. YORK**, c/o Fox Meadows Soft Limited, 400 Arbor Lake Drive, Suite D600, Columbia, South Carolina 29223, hereinafter referred to as "Assignee",

### WITNESSETH:

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignee and Assignee's heirs, successors and assigns, an undivided 0.5% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

Township 10 North, Range 27 East, N.M.P.M.
Section 19: E/2, SW/4
Section 20: W/2,
Section 21: NW/4,
Section 29: NW/4,
Section 30: E/2, NW/4
containing 1,600 acres, more or less,

together with a like interest in and to the Anna Katheryn Nos. 1 and 2, the John David Nos. 1 and 2, and the Randals Nos. 5, 6, 7, 8, 9 and 10 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof. The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessors under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom. The overriding royalty shall (a) be the total overriding royalty for which Assignee shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignee less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement. Assignor intends by this assignment to deliver to Assignee a proportionately reduced 70% net revenue interest in said lease and lands. No change in the ownership of the overriding royalty shall be binding upon Assignee until such time as Assignee shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignee in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably be required more fully to assign and confirm to Assignee, and Assignee's heirs, successors and assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF**, Assignor and Assignee have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

*Assignor:*

**CKG Energy, Inc.**

By: _____

Mike George, President

*Assignee:*

_____

Robert E. York

STATE OF TEXAS          )
                         :  ss.
COUNTY OF Travis         )

This instrument was acknowledged before me this  1  day of Sept , 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

Feb 10, 2007

_____
Notary Public

CORTNEY IMEL
MY COMMISSION EXPIRES
February 10, 2007

STATE OF SOUTH CAROLINA   )
                           :  ss.
COUNTY OF _____    )

This instrument was acknowledged before me this _____ day of _____, 2003, by Robert E. York.

My commission expires:

_____

_____
Notary Public

# PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

**THIS PARTIAL ASSIGNMENT**, by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **CHARLES LUCCHESI** and **BARBARA LUCCHESI**, husband and wife, 554 Churchill Park Drive, San Jose, California 95136, hereinafter referred to as "Assignees",

## WITNESSETH:

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignees and Assignees' heirs, successors and assigns, an undivided 1% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

<u>Township 10 North, Range 27 East, N.M.P.M.</u>

Section 20:  NW/4

Section 29:  NW/4

Section 30:  SE/4

containing 480 acres, more or less,

together with a like interest in and to the Randals Nos. 5, 6 and 7 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof. The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessors under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom. The overriding royalty shall (a) be the total overriding royalty for which Assignees shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignees less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement. Assignor intends by this assignment to deliver to Assignees a proportionately reduced 70% net revenue interest in said lease and lands. No change in the ownership of the overriding royalty shall be binding upon Assignees until such time as Assignees shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignees in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably

be required more fully to assign and confirm to Assignees, and Assignees' heirs, successors and assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF**, Assignor and Assignees have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

*Assignor:*                              **CKG Energy, Inc.**

By _____

Mike George, President

*Assignees:*

_____

Charles Lucchesi

_____

Barbara Lucchesi

STATE OF TEXAS          )
                        :  ss.
COUNTY OF TRAVIS        )

This instrument was acknowledged before me this 7th day of October, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

OCT 2003                              _____
                                      Notary Public

RONNY ROBERTSON
Notary Public
State of Texas
My Commission Expires:
OCTOBER 13, 2003

STATE OF CALIFORNIA     )
                        :  ss.
COUNTY OF _____)

This instrument was acknowledged before me this _____ day of _____, 2003, by Charles Lucchesi and Barbara Lucchesi, husband and wife.

My commission expires:

_____               _____
                                      Notary Public

# PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

**THIS PARTIAL ASSIGNMENT**, by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **DAVID A. MORGENSEN AND PATRICIA J. MORGENSON, TRUSTEES OF THE DAVID AND PATRICIA MORGENSEN LIVING TRUST DATED JUNE 17, 1999**, 375 Woodland Drive, Scotts Valley, California 95066, hereinafter referred to as "Assignee",

## W I T N E S S E T H :

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignee and Assignee's heirs, successors and assigns, an undivided 1% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

<u>Township 10 North, Range 27 East, N.M.P.M.</u>
Section 19: SW/4
Section 20: NW/4
Section 29: NW/4
Section 30: NW/4, SE/4
containing 800 acres, more or less,

together with a like interest in and to the Anna Katheryn Nos. 1 and 2 and the Randals Nos. 5, 6 and 7 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof. The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessors under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom. The overriding royalty shall (a) be the total overriding royalty for which Assignee shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignee less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement. Assignor intends by this assignment to deliver to Assignee a proportionately reduced 70% net revenue interest in said lease and lands. No change in the ownership of the overriding royalty shall be binding upon Assignee until such time as Assignee shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignee in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably be required more fully to assign and confirm to Assignee, and Assignee's heirs, successors and assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF**, Assignor and Assignee have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

*Assignor:*            **CKG Energy, Inc.**

By: _____
    Mike George, President

*Assignee:*            **The David and Patricia Morgensen Living Trust dated June 17, 1999**

By: _____
    David A. Morgensen, Trustee

By: _____
    Patricia J. Morgensen, Trustee

STATE OF TEXAS                    )
                                  :  ss.
COUNTY OF _____   )

This instrument was acknowledged before me this _____ day of _____, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

                        _____
_____             Notary Public

STATE OF CALIFORNIA               )
                                  :  ss.
COUNTY OF _____   )

This instrument was acknowledged before me this _____ day of _____, 2003, by David A. Morgensen and Patricia J. Morgenson, as Trustees of The David and Patricia Morgensen Living Trust dated June 17, 1999.

My commission expires:

                        _____
_____             Notary Public

# PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

**THIS PARTIAL ASSIGNMENT,** by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **DAVID A. MORGENSEN AND PATRICIA J. MORGENSEN, TRUSTEES OF THE DAVID AND PATRICIA MORGENSEN LIVING TRUST DATED JUNE 17, 1999,** 375 Woodland Drive, Scotts Valley, California 95066, hereinafter referred to as "Assignee",

## WITNESSETH:

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignee and Assignee's heirs, successors and assigns, an undivided 1% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

Township 10 North, Range 27 East, N.M.P.M.

Section 20: NW/4

Section 29: NW/4

Section 30: SE/4

containing 480 acres, more or less,

together with a like interest in and to the Randals Nos. 5, 6 and 7 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof. The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessors under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom. The overriding royalty shall (a) be the total overriding royalty for which Assignee shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignee less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement. Assignor intends by this assignment to deliver to Assignee a proportionately reduced 70% net revenue interest in said lease and lands. No change in the ownership of the overriding royalty shall be binding upon Assignee until such time as Assignee shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignee in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably

be required more fully to assign and confirm to Assignee, and Assignee's heirs, successors and assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF**, Assignor and Assignee have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

**Assignor:**          **CKG Energy, Inc.**

By: _____
                         Mike George, President

**Assignee:**          **The David and Patricia Morgensen Living Trust dated June 17, 1999**


By: _____
                         David A. Morgensen, Trustee


By: _____
                         Patricia J. Morgensen, Trustee




STATE OF TEXAS          )
                                        :  ss.
COUNTY OF _Travis_      )

This instrument was acknowledged before me this 21 day of Nov_____, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

Feb 10, 2007          _____
                                          Notary Public

CORTNEY IMEL
MY COMMISSION EXPIRES
February 10, 2007




STATE OF CALIFORNIA     )
                                        :  ss.
COUNTY OF _____ )

This instrument was acknowledged before me this _____ day of _____, 2003, by David A. Morgensen and Patricia J. Morgensen, as Trustees of The David and Patricia Morgensen Living Trust dated June 17, 1999.

My commission expires:

_____          _____
                                          Notary Public

~2~

# PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

**THIS PARTIAL ASSIGNMENT**, by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **QUANTUM VENTURES MANAGEMENT GROUP, INC.**, 2533 North Carson Street, Suite 3400, Carson City, Nevada 89706, hereinafter referred to as "Assignee",

## W I T N E S S E T H :

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignee and Assignee's successors and assigns, an undivided 3% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

<u>Township 10 North, Range 27 East, N.M.P.M.</u>

Section 19: SW/4

Section 30: NW/4

containing 320 acres, more or less,

together with a like interest in and to the Anna Katheryn Nos. 1 and 2 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof.  The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessor under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom.  The overriding royalty shall (a) be the total overriding royalty for which Assignee shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignee less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement.  Assignor intends by this assignment to deliver to Assignee a proportionately reduced 70% net revenue interest in said lease and lands.  No change in the ownership of the overriding royalty shall be binding upon Assignee until such time as Assignee shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignee in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably be required more fully to assign and confirm to Assignee, and Assignee's successors and

assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF**, Assignor and Assignee have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

*Assignor:*    **CKG Energy, Inc.**

By: _____
    Mike George, President

*Assignee:*    **Quantum Ventures Management Group, Inc.**

By: _____
    Michael Beaver, President

STATE OF TEXAS    )
        : ss.
COUNTY OF _Travis_ )

This instrument was acknowledged before me this 24 day of _Nov_____, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

_Feb 10, 2007_    _Cortney Imel_____
            Notary Public

> CORTNEY IMEL
> MY COMMISSION EXPIRES
> February 10, 2007

STATE OF NEVADA    )
          : ss.
COUNTY OF _____)

This instrument was acknowledged before me this _____ day of _____, 2003, by Michael Beaver, as President of Quantum Ventures Management Group, Inc., a _____ corporation, on behalf of said corporation.

My commission expires:

_____  _____
            Notary Public

~2~

# PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

**THIS PARTIAL ASSIGNMENT**, by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **QUANTUM VENTURES MANAGEMENT GROUP, INC.**, 2533 North Carson Street, Suite 3400, Carson City, Nevada 89706, hereinafter referred to as "Assignee",

## WITNESSETH:

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignee and Assignee's successors and assigns, an undivided 4% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

> Township 10 North, Range 27 East, N.M.P.M.
> Section 19:  E/2
> containing 320 acres, more or less,

together with a like interest in and to the John David Nos. 1 and 2 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof. The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessor under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom. The overriding royalty shall (a) be the total overriding royalty for which Assignee shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignee less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement. Assignor intends by this assignment to deliver to Assignee a proportionately reduced 70% net revenue interest in said lease and lands. No change in the ownership of the overriding royalty shall be binding upon Assignee until such time as Assignee shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignee in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably be required more fully to assign and confirm to Assignee, and Assignee's successors and assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF**, Assignor and Assignee have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

*Assignor:*                   **CKG Energy, Inc.**

By: _____
           Mike George, President

*Assignee:*                  **Quantum Ventures Management Group, Inc.**

By: _____
           Michael Beaver, President

STATE OF TEXAS           )
                           : ss.
COUNTY OF _Travis_     )

    This instrument was acknowledged before me this 24 day of Nov_____, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

_Feb 10, 2007_                        _____
                                     Notary Public

CORTNEY IMEL
MY COMMISSION EXPIRES
February 10, 2007

STATE OF NEVADA        )
                           : ss.
COUNTY OF _____)

    This instrument was acknowledged before me this _____ day of _____, 2003, by Michael Beaver, as President of Quantum Ventures Management Group, Inc., a _____ corporation, on behalf of said corporation.

My commission expires:

_____       _____
                                      Notary Public

~2~

# PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

**THIS PARTIAL ASSIGNMENT**, by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **QUANTUM VENTURES MANAGEMENT GROUP, INC.**, 2533 North Carson Street, Suite 3400, Carson City, Nevada 89706, hereinafter referred to as "Assignee",

## W I T N E S S E T H :

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignee and Assignee's successors and assigns, an undivided 3% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

Township 10 North, Range 27 East, N.M.P.M.

 Section 20: NW/4

 Section 29: NW/4

 Section 30: SE/4

 containing 480 acres, more or less,

together with a like interest in and to the Randals Nos. 5, 6 and 7 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof. The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessor under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom. The overriding royalty shall (a) be the total overriding royalty for which Assignee shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignee less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement. Assignor intends by this assignment to deliver to Assignee a proportionately reduced 70% net revenue interest in said lease and lands. No change in the ownership of the overriding royalty shall be binding upon Assignee until such time as Assignee shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignee in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably be required more fully to assign and confirm to Assignee, and Assignee's successors and

assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF,** Assignor and Assignee have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

*Assignor:*          **CKG Energy, Inc.**

By: _____
          Mike George, President

*Assignee:*          **Quantum Ventures Management Group, Inc.**

By: _____
          Michael Beaver, President

STATE OF TEXAS                    )
                                  :  ss.
COUNTY OF Travis                  )

This instrument was acknowledged before me this 24 day of Nov _____, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

Feb 10, 2007                    _____
                                          Notary Public

CORTNEY IMEL
MY COMMISSION EXPIRES
February 10, 2007

STATE OF NEVADA                   )
                                  :  ss.
COUNTY OF _____         )

This instrument was acknowledged before me this _____ day of _____, 2003, by Michael Beaver, as President of Quantum Ventures Management Group, Inc., a _____ corporation, on behalf of said corporation.

My commission expires:

_____   _____
                                          Notary Public

~2~

## PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

**THIS PARTIAL ASSIGNMENT,** by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **KENNETH F. RICHTER AND BETTY A. RICHTER, AS CO-TRUSTEES OF THE KENNETH F. AND BETTY A. RICHTER REVOCABLE LIVING TRUST**, 110 Santa Anna Drive, Seguin, Texas 78155, hereinafter referred to as "Assignee",

### W I T N E S S E T H :

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignee and Assignee's heirs, successors and assigns, an undivided 0.50% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

<u>Township 10 North, Range 27 East, N.M.P.M.</u>

Section 19:  E/2

containing 320 acres, more or less,

together with a like interest in and to the John David Nos. 1 and 2 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof. The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessors under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom. The overriding royalty shall (a) be the total overriding royalty for which Assignee shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignee less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement. Assignor intends by this assignment to deliver to Assignee a proportionately reduced 70% net revenue interest in said lease and lands. No change in the ownership of the overriding royalty shall be binding upon Assignee until such time as Assignee shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignee in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably be required more fully to assign and confirm to Assignee, and Assignee's heirs, successors and assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF,** Assignor and Assignee have caused this Partial Assignment to be duly executed on this _25_ day of _November_____, 2003, but effective as of July 1, 2003.

*Assignor:*          CKG Energy, Inc.

By: _____
    Mike George, President

*Assignee:*

_____
James Knorpp


STATE OF TEXAS                    )
                                  :  ss.
COUNTY OF _Travis_____        )

    This instrument was acknowledged before me this _25th_ day of _November_____, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

_Feb 2004_____              _____
                                              Notary Public

> Roger Stroms
> Notary Public
> State of Texas
> My Commission Expires:
> February 11, 2004


STATE OF TEXAS                    )
                                  :  ss.
COUNTY OF _____        )

    This instrument was acknowledged before me this _____ day of _____, 2003, by James Knorpp.

My commission expires:

_____           _____
                                              Notary Public


~2~

## PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

**THIS PARTIAL ASSIGNMENT**, by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **JAMES KNORPP**, 2149 Misty's Run, Keller, Texas 76248, hereinafter referred to as "Assignee",

### W I T N E S S E T H :

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignee and Assignee's heirs, successors and assigns, an undivided 0.125% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

Township 10 North, Range 27 East, N.M.P.M.
  Section 20:  NW/4
  Section 29:  NW/4
  Section 30:  SE/4
  containing 480 acres, more or less,

together with a like interest in and to the Randals Nos. 5, 6 and 7 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof.  The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessor under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom.  The overriding royalty shall (a) be the total overriding royalty for which Assignee shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignee less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement.  Assignor intends by this assignment to deliver to Assignee a proportionately reduced 70% net revenue interest in said lease and lands.  No change in the ownership of the overriding royalty shall be binding upon Assignee until such time as Assignee shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignee in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably be required more fully to assign and confirm to Assignee, and Assignee's heirs, successors

and assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF**, Assignor and Assignee have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

*Assignor:*                    **CKG Energy, Inc.**

                              By: _____
                                  Mike George, President

*Assignee:*

                              _____
                              James Knorpp


STATE OF TEXAS          )
                        :  ss.
COUNTY OF _Travis_      )

This instrument was acknowledged before me this _24_ day of _Nov_____, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

_Feb 10, 2007_                    _____
                                  Notary Public

CORTNEY IMEL
MY COMMISSION EXPIRES
February 10, 2007


STATE OF TEXAS          )
                        :  ss.
COUNTY OF _____  )

This instrument was acknowledged before me this _____ day of _____, 2003, by James Knorpp.

My commission expires:

_____           _____
                                  Notary Public


~2~

# PARTIAL ASSIGNMENT OF OIL AND GAS LEASE

**THIS PARTIAL ASSIGNMENT**, by and between **CKG ENERGY, INC.**, a Texas corporation, 10713 Ranch Road 620 North, Building F, Suite 621, Austin, Texas 78726, hereinafter referred to as "Assignor", and **RATINA JOY LIMANON**, 804 Still Breeze Way, Sacramento, California 95831, hereinafter referred to as "Assignee",

## W I T N E S S E T H :

Assignor, in consideration of Ten and Other Dollars, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Assignee and Assignee's heirs, successors and assigns, an undivided 1% interest in that certain Oil and Gas Lease dated July 31, 2002, recorded Book 25, Page 847, Oil and Gas Lease Records of Quay County, New Mexico, from James T. Randals and Dorothy R. Randals, Trustees for the James T. Randals and Dorothy R. Randals Revocable Family Trust dated December 12, 2000, Richard Randals, Jina D'Ann Randals Vick and T-4 Cattle Company, LLC, as lessors, to Inter-American Corporation, as lessee, insofar as the lease covers the following lands in Quay County, New Mexico:

<u>Township 10 North, Range 27 East, N.M.P.M.</u>

Section 20:  SW/4

Section 21:  NW/4

Section 30:  NE/4

containing 480 acres, more or less,

together with a like interest in and to the Randals Nos. 8, 9 and 10 Wells located thereon, and in and to all rights, privileges and personal property thereunder, appurtenant thereto, or used or obtained in connection therewith; subject, however, to the following:

Assignor hereby excepts and reserves from this Partial Assignment a total royalty and overriding royalty of 30% of the proceeds received from the sale of all (8/8ths) of the oil and gas which may be produced, saved and marketed from said lands under the terms of the lease or any extensions or renewals thereof.  The overriding royalty shall be computed and paid at the same time and in the same manner as royalties payable to the lessors under the terms of the lease are computed and paid, and Assignor shall be responsible for Assignor's proportionate part of all taxes and assessments levied upon or against or measured by the production of oil and gas therefrom.  The overriding royalty shall (a) be the total overriding royalty for which Assignee shall be obligated and shall include and absorb all existing royalties, overriding royalties and obligations payable out of production from said lands, (b) be proportionately reduced if the lease covers less than the entire mineral interest in the lands and to the extent this assignment grants to Assignee less than the entire leasehold estate in the lands, and (c) be subject to any governmentally approved cooperative or unit plan of development or operation or communitization or other agreement forming a well spacing or proration unit under the rules or regulations of the New Mexico Oil Conservation Division, to which the lease is now committed or may hereafter be committed, and in such event, the overriding royalty shall be computed and paid on the basis of the oil and gas allocated to the lands pursuant to the terms of the plan or agreement.  Assignor intends by this assignment to deliver to Assignee a proportionately reduced 70% net revenue interest in said lease and lands.  No change in the ownership of the overriding royalty shall be binding upon Assignee until such time as Assignee shall have been furnished with the original, a certified copy or an acceptable reproduction copy of the recorded instrument or instruments effecting the change in ownership.

This assignment is made without warranties of whatever nature or kind, but with full substitution and subrogation of Assignee in and to all covenants and warranties by others heretofore given or made in respect of the interests granted herein or any part thereof.

So long as authorized by applicable law, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered, all such further acts, deeds, assignments, transfers, conveyances and assurances as may reasonably be required more fully to assign and confirm to Assignee, and Assignee's heirs, successors

and assigns, or for aiding and assisting in collecting and reducing to possession, any or all of the interests herein granted.

**IN WITNESS WHEREOF**, Assignor and Assignee have caused this Partial Assignment to be duly executed on this _____ day of _____, 2003, but effective as of July 1, 2003.

*Assignor:*                    **CKG Energy, Inc.**


By:   _____
           Mike George, President

*Assignee:*

           _____
           Ratina Joy Limanon



STATE OF TEXAS                    )
                                  :   ss.
COUNTY OF _____    )

This instrument was acknowledged before me this _____ day of _____, 2003, by Mike George, as President of CKG Energy, Inc., a Texas corporation, on behalf of said corporation.

My commission expires:

_____              _____
                                                  Notary Public



STATE OF CALIFORNIA               )
                                  :   ss.
COUNTY OF _____    )

This instrument was acknowledged before me this _____ day of _____, 2003, by Ratina Joy Limanon.

My commission expires:

_____              _____
                                                  Notary Public

B 104
(Rev. 2/92)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

# 06-1082FM

| PLAINTIFFS | DEFENDANTS |
|---|---|
| RONALD E. INGALLS, TRUSTEE | THAD MINYARD, et al. |

ATTORNEYS (Firm Name, Address, and Telephone No.)
Martinec, Winn, Vickers & McElroy, P.C.
919 Congress Avenue, Suite 1500
Austin, Texas 78701          (512) 476-0750

ATTORNEYS (If Known)

PARTY (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for Avoidance of Fraudulent Transfers, 11 U.S.C. §§544, 548 and 550

## NATURE OF SUIT
(Check the one most appropriate box only.)

| | | |
|---|---|---|
| ☒ 454 To Recover Money or Property | ☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan | ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action |
| ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523 | |
| ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 To obtain an injunction or other equitable relief | ☐ 459 To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727 | ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan | ☐ 498 Other (specify) |

| ORIGIN OF PROCEEDINGS (Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND $ | OTHER RELIEF SOUGHT | ☐ JURY DEMAND Check only if demanded in complaint |
|---|---|---|

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR CKG Energy and CKG Pipeline, Jointly Administered | BANKRUPTCY CASE NO. Chapter 11 Case No. 04-11551 |
|---|---|

| DISTRICT IN WHICH CASE IS PENDING Western | DIVISIONAL OFFICE Austin | NAME OF JUDGE Frank R. Monroe |
|---|---|---|

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only.) | ☐ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☒ FEE IS DEFERRED |
|---|---|---|---|

| DATE March 9, 2006 | PRINT NAME Rebecca S. McElroy | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

## DEFENDANTS

Thad Minyard
Chainaronk Limanon
Mike T. Limanon
Claudia Grandjean-Rios
The Plumbline Group, LLC
Ralph Peck
Linda Peck
Brian Peck
Loren R. Nowell
Arthur R. Harris
Michael F. Donovan
Johanna M. Donovan
L'Maan Hashabbos, Inc.
Congregation Ateres Avrohom, Inc.
Benei Yakov
Eleanor E. Beggren
Renz Family Partnership 1
Coleman Morton
Mary Janette C. Aquino
Michael A Rebholtz
Laura F. Rebholtz
Ace Plastic
Keith Balch and Virginia Balch, Trustees of the Keith and Virginia Balch
Revocable Living Trust
Majesty Holdings Ltd., Inc.
Robert E. York
Charles Lucchesi
Barbara Lucchesi
David A. Morgensen and Patricia J. Morgensen, Trustees of the David and
Patricia Morgensen Living Trust Dated June 17, 1999
Quantum Ventures Management Group, Inc.
Kenneth F. Richter and Betty A. Richter, as Co-Trustees of the Kenenth F. and
Betty A. Richter Revocable Living Trust
James Knorpp
Ratina Joy Limanon